UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| RAMON HUESO, | ) |
| | ) |
| Petitioner, | ) Civil Action No. 6: 18-176-DCR |
| | ) |
| V. | ) |
| | ) |
| J. A. BARNHART, Warden, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Respondent. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

Federal prisoner Ramon Hueso has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking relief from his sentence. [Record No. 1] The matter is pending for consideration of several issues related to the petition.

# I.

After conducting an initial screening, the Court entered an Order on June 20, 2018, finding that, Hueso's petition required a response before his claims may be adjudicated. [Record No. 4] The Order directed that a response be filed within sixty days of service on the respondent. [*Id.*] The record reflects that the respondent received a copy of the petition on September 13, 2018. [Record No. 7]

When no response had been filed by October 22, 2018, Hueso requested an entry of default against respondent, arguing that the applicable time limit for filing a response had expired. [Record No. 9] The Court denied Hueso's motion, noting that, as respondent did not receive a copy of the petition until September 13, 2018, the response time had not yet

expired. [Record No. 10] Hueso then moved for reconsideration of the Order pursuant to Federal Rule of Civil Procedure 59(e). [Record No. 11]

A court may grant relief under Rule 59(e) only to (1) correct a clear error of law; (2) account for newly discovered evidence; (3) accommodate an intervening change in controlling law; or (4) prevent a manifest injustice. *American Civil Liberties Union of Ky. v. McCreary Co., Ky.*, 607 F.3d 439, 450 (6th Cir. 2010); *Besser v. Sepanek*, 478 F. App'x 1001, 1001-02 (6th Cir. 2012). Hueso's motion does not satisfy any of these criteria.

Hueso first argues that the Court erroneously calculated the time within which a response to his habeas petition must be filed. He contends that, because the warden is named as the respondent to the petition only in his official capacity, service of the petition on the United States Attorneys' Office and the United States Attorney General is sufficient for service upon the respondent. However, to serve an employee of the United States sued only in an official capacity, "a party must serve the United States *and* also send a copy of the summons and of the complaint by registered or certified mail to the…employee." Fed. R. Civ. P 4(i)(2) (emphasis added). Thus, for service to be complete, it must be made on the United States, and a copy of the petition must be sent to the respondent. Because the respondent did not receive a copy of the petition until September 13, 2018 [Record No. 7], the response was due within sixty days from that date. [Record No. 4] Therefore, this period had not expired prior to Hueso's motion for default.[1]

---

[1] Hueso's motion to reconsider was also filed before the expiration of the 60-day response period. [Record No. 11] Although that period has now expired, the respondent has filed a motion for extension of time to file a response. [Record No. 12]

Hueso next argues that the Court erred in allowing the respondent 60 days to file a response. He argues that 28 U.S.C. § 2243 requires the Court to "forthwith" issue the writ or require the respondent to show cause why it should not be granted within three days, or no more than twenty days. But this assertion is simply incorrect.

Following screening of the petition, the Court possesses the discretion to require a response, but only when necessary and within a time it concludes was reasonable. Rule 4 of the Rules Governing Section 2254 Cases states that "the judge shall order the respondent to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate." Rule 1(b) of the 2254 Rules makes this rule applicable to proceedings under 28 U.S.C. § 2241. Under the Rules Enabling Act, 28 U.S.C. § 2072, Rule 4 takes precedence over § 2243. *Hendon v. Burton*, No. 2:14-CV-14023, 2014 WL 8186698, at *1 (E.D. Mich. Nov. 17, 2014). Thus, the Court acted within its discretion in providing 60 days within which respondent may file a response to the petition. For these reasons, the Court adheres to its prior conclusion that Hueso's motion for entry of default was properly denied.

## II.

The Court previously screened Hueso's petition under 28 U.S.C. § 2243 and concluded that a response to the petition was needed before this matter could proceed. [Record No. 4] However, a petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions

pursuant to Rule 1(b)). In light of authority from the Sixth Circuit issued after the Court initial screening, it is now clear that Hueso is not entitled to relief. Thus, a response is no longer required, and the petition will be dismissed for the reasons outlined below.

**A.**

Following a jury trial in October 2009, Hueso was convicted in the United States District Court for the District of Alaska of one count of unlawfully and knowingly conspiring with another to distribute and possess with intent to distribute a controlled substance (i.e., 50 grams or more of a mixture and substance containing actual methamphetamine), in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Before trial, the United States filed a notice pursuant to 21 U.S.C. § 851 identifying Hueso's two prior drug felony drug convictions from the State of Washington. As a result, he was subject to enhanced statutory penalties under 21 U.S.C. § 841(b)(1)(A), including a maximum sentence of life imprisonment and a mandatory minimum sentence of 20 years. In January 2010, Hueso was sentenced to a term of imprisonment of 240 months. *United States v. Hueso*, No. 3:09-CR-48-RRB-1 (D. Alaska 2009).

Hueso's conviction and sentence were affirmed on appeal to the United States Court of Appeals for the Ninth Circuit, *United States v. Hueso*, 420 F. App'x 776 (9th Cir. 2011). Thereafter, his motions for post-conviction relief filed with the trial court, including a motion to vacate filed pursuant to 28 U.S.C. § 2255 and a motion for modification or reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), were denied. *United States v. Hueso*, No. 3:09-CR-48-RRB-1 (D. Alaska 2009).

Hueso's § 2241 petition presents two arguments for relief. First, he contends that the enhancement of his sentence was improper in light of the Supreme Court's subsequent decisions in *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), as well as the Sixth Circuit's decision in *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), and the Fifth Circuit's decision in *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016). More specifically, he argues that, in light of *Mathis*, the statute of his prior state drug convictions used to enhance his federal sentence pursuant is broader than the federal definition of a "felony drug offense." Thus, he asserts that the use of these prior convictions as predicate offenses violated his due process rights. [Record No. 1 at p. 6; Record No. 1-1 at p. 11-12] Next, Hueso asserts that, in light of the Supreme Court's decision in *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010), and the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), his prior convictions do not qualify as "felony drug offenses" for purposes of his §841(b)(1)(A) enhancement because neither of these two convictions were "punishable for a term exceeding one year." [Record No. 1 at p. 7; Record No. 1-1 at p. 16-17]

Having thoroughly reviewed the petition, the Court will deny relief because Hueso's claims are not cognizable in a habeas corpus petition under § 2241 and because they are without merit.

**B.**

A federal prisoner generally may not use a § 2241 petition to challenge the enhancement of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir.

2001). Instead, a prisoner who wishes to challenge the legality of his conviction or sentence must file a motion under § 2255. *Id*. (explaining the distinction between a § 2255 motion and a § 2241 petition). A § 2241 petition may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates a narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review..."). In other words, prisoners cannot use a habeas petition under § 2241 to get another "bite at the apple." *Hernandez*, 16 F. App'x at 360.

The decidedly narrow scope of relief under § 2241 applies with particular force to challenges to the sentence imposed. *Peterman*, 249 F.3d at 462; *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("The savings clause of section 2255(e) does not apply to sentencing claims."). In *Hill v. Masters*, 836 F. 3d 591 (6th Cir. 2016), the Sixth Circuit articulated a very narrow exception to this general rule, permitting a challenge to a sentence to be asserted in a § 2241 petition, but only where (1) the petitioner's sentence was imposed

when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his or her federal sentence no longer qualified as a valid predicate offense. *Hill*, 836 F. 3d at 599-600. At a minimum, Hueso's claims fail to satisfy the first and third requirements.

Hueso was sentenced in 2010, long after *Booker* was decided, and under a discretionary guidelines regime. *See Contreras v. Ormond*, No. 18-5020 at p. 2-3 (6th Cir. Sept. 10, 2018) (petitioner did not fall within the narrow exception recognized by *Hill* because he was sentenced post-*Booker* in 2009, under the advisory sentencing guidelines). In addition, to the extent that Hueso claims that the use of his prior convictions to enhance his sentence violated his due process rights, this is not a claim based upon statutory interpretation but a constitutional claim. It is therefore a claim he could and must have asserted before the trial court, upon direct appeal, or through a motion pursuant to 28 U.S.C. § 2255. As a result, it falls outside the purview of § 2241.

Moreover, Hueso argues that his sentence was improperly enhanced because his predicate convictions were not analyzed using the "categorical approach" applied in *Mathis*, *Descamps*, and *Hinkle*. But both *Mathis* and *Descamps* addressed the proper procedures to be used when determining whether a conviction qualifies as a predicate offense under the "enumerated offenses" clause of the definition of "violent felony" in the

Armed Career Criminal Acts ("ACCA"), 18 U.S.C. § 924(e). Similarly, in *Hinkle*, the Fifth Circuit applied the categorical approach of *Mathis* to determine whether a prior Texas conviction is a "controlled substance offense" within the meaning of § 4B1.1(a) of the United States Sentencing Guidelines. *Hinkle*, 832 F.3d 569, 570-71. [2]

However, Hueso's sentence was enhanced under the far simpler provisions of § 841(b)(1)(A) because of his two prior "felony drug offenses." To qualify as a "felony drug offense," no detailed comparison of elements is required. Rather, 21 U.S.C. § 802(44) merely requires that the prior state or federal offense: (1) be punishable by more than one year in prison, and (2) that it "prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." By its terms, § 802(44) does not require that the prior offense constitute any particular species of crime, but only that it "relat[e] to" conduct involving drugs.

Given the breadth of this definition, the use of the categorical approach is neither necessary nor appropriate. *See United States v. Graham*, 622 F.3d 445, 456-57 (6th Cir. 2010); *United States v. Spikes*, 158 F.3d 913, 932 (6th Cir. 1998), *cert. denied*, 525 U.S. 1086 (1999). Indeed, multiple decisions of the Sixth Circuit issued after Hueso's petition was filed confirm that *Descamps* and *Mathis* are inapplicable to sentences enhanced under § 841(b)(1)(A). *See Smith v. Ormond*, No. 18-5101 (6th Cir. July 30, 2018) at p. 4. *See also Hidalgo v. Smith*, No. 18-5230 at p. 4 (6th Cir. Sept. 20, 2018) (*Mathis* and *Descamps*

---

[2] Likewise, in *Dowell v. Quintana*, No. 17-5297 (6th Cir. Nov. 17, 2017), another case relied upon by Hueso, the petitioner's sentence was enhanced pursuant to U.S.S.G. § 4B1.1 because of a prior "controlled substance offense," as defined by U.S.S.G. § 4B1.2.

are inapplicable where petitioner's sentence was increased under 21 U.S.C. § 841(b)(1)(A) because he had previously committed a "felony drug offense."); *Romo v. Ormond*, No. 17-6137 at p. 4 (6th Cir. Sept. 13, 2018) ("*Mathis*…is inapplicable to sentences enhanced under § 841(b)(1)(A)."); *McKenzie v. Ormond*, No. 18-5072 at p. 4)(6th Cir. July 11, 2018).

In addition to the foregoing, Hueso entitled to relief under *Carachuri-Rosendo* or *Simmons*. In *Carachuri–Rosendo*, the Supreme Court more narrowly defined the meaning of the term "aggravated felony" as set forth in 8 U.S.C. § 1229b(a)(3) for purposes of the Immigration and Nationality Act, 66 Stat. 163, as amended 8 U.S.C. § 1101 *et seq*. *Carachuri-Rosendo*, 560 U.S. at 566.[3] However, the Court did not address, directly or inferentially, the definition of "felony drug offense" for purposes of the enhancement set forth in § 841(b)(1). *Fields v. Warden, FCC Coleman-USP1*, 612 F. App'x 980, 982 (11th Cir. 2014); *Stewart v. Warden, FCC Coleman-Low*, 589 F. App'x 934, 937 (11th Cir. 2014) ("[*Carachuri–Rosendo*]'s ultimate holding that non-recidivist simple drug possession could not be an "aggravated felony" [under the INA] has no bearing on whether such an offense could be a "felony drug offense" under 21 U.S.C. § 841."). Regardless, in *Simmons*, the Fourth Circuit applied the Supreme Court's decision in *Carachuri-Rosendo* in holding that the defendant's prior North Carolina conviction for possession with intent to distribute marijuana did not constitute a predicate "felony drug" conviction because,

---

[3] Courts considering the question have routinely held that *Carachuri–Rosendo* is not retroactively applicable to cases on collateral review. Cf. *United States v. Bowman*, 561 F. App'x 294 (4th Cir. 2014); *Lansdowne v. Wilson*, 897 F. Supp. 2d 404, 406-07 (E.D. Va. 2012); *Stewart v. Warden, FCC Coleman–Low*, No. 5: 11-CV-98-OC-29SPC, 2011 WL 6004594, at *3 (M.D. Fla. Nov. 30, 2011).

under the "unique statutory regime mandated by the North Carolina Structured Sentencing Act," the defendant could not have received a sentence in excess of twelve months for his North Carolina conviction. *Simmons*, 649 F.3d at 240.

Hueso argues that, pursuant to *Carachuri-Rosendo*, as interpreted by *Simmons*, his prior drug convictions do not qualify as "felony drug offenses" for purposes of his § 841(b)(1)(A) enhancement because neither of these two convictions were "punishable for a term exceeding one year." This claim is without merit. As previously discussed, § 841(b)(1) provides for a sentencing enhancement based on a prior "felony drug offense," which is defined as any state or federal offense related to narcotic drugs "that is punishable by imprisonment for more than one year under any law of the United States or of a State..." 21 U.S.C. § 802(44).

In contrast to the "unique statutory regime" at issue in *Simmons*, Hueso's prior convictions were for violations of Washington state law, which clearly provides that he faced a potential maximum five-year sentence with respect to each of his two convictions. Specifically, Hueso had prior Washington convictions for possession of methamphetamine in violation of Wash. Rev. Code 69.50.4013(1) and possession of cocaine, also in violation of Wash. Rev. Code 69.50.4013(1). [Record No. 1-2; *United States v. Hueso*, No. 3:08-cr-48-RRB-1 (D. Alaska) at Record No. 25] At the time of his 2006 conviction, Wash Rev. Code § 69.50.4013(2) provided that "any person who violates this section is guilty of a class C felony punishable under chapter 9A.20 RCW." Wash. Rev. Code § 69.50.4013 (effective July 1, 2004 to December 5, 2012). In turn, at the time of Hueso's conviction,

Wash. Rev. Code § 9A.20.021(1)(c) provided in relevant part that, "[u]nless a different maximum sentence for a classified felony is specifically established by a statute of this state, no person convicted of a classified felony shall be punished by confinement or fine exceeding the following…[f]or a class C felony, by confinement in a state correctional institution for five years..." Wash. Rev. Code § 9A.20.021(1)(c). Even the Washington Judgment of his convictions submitted by Hueso in support of his petition indicates that, with respect to both convictions, he faced a maximum term of five years. [Record No. 1-2, Felony Judgment and Sentence, Superior Court of Washington, County of Kittitas at p. 3]

The Ninth Circuit, which includes Alaska (the federal district in which Hueso was sentenced) and Washington (the state of his predicate convictions) has specifically instructed that, "[t]o determine whether a state 'felony drug offense' is punishable by more than one year, we look to the state's statutory maximum sentence and not the maximum sentence available under the state sentencing guidelines." *United States v. Rosales*, 516 F.3d 749, 758 (9th Cir. 2008). In *Rosales*, the defendant had a prior conviction for possession of a controlled substance with an intent to deliver in violation of Wash. Rev. Code § 69.50.401(d), which was also classified as a Washington Class C felony under the terms of that statute. *Id*. at 758. The Ninth Circuit held that, as the maximum penalty provided by Washington law for the crime to which the defendant pled guilty is five years of imprisonment, which is greater than one year, the defendant's prior conviction qualified

as a "felony drug offense" under § 841(b)(1)(B). Thus, the mandatory minimum sentence must be imposed. *Id*.

Hueso has failed to show that the maximum sentence he faced with respect to his prior Washington State convictions was anything other than the maximum five-year term provided by Washington statutory law. Because his prior convictions relate to drugs and were "punishable by imprisonment for more than one year" under the law of Washington State, both convictions qualify as "felony drug offenses" under § 802(44) and qualify as predicate offenses for purposes of the sentencing enhancement provided by § 841(b)(1)(A).

In summary, Hueso's claims fail to fall within the limited exception recognized by *Hill*. Therefore, he may not challenge his sentence in this § 2241 proceeding. And because Hueso's petition fails to establish any basis for habeas relief, it is hereby

**ORDERED** as follows:

1. Hueso's motion for reconsideration of the Court's previous Order denying entry of default [Record No. 11] is **DENIED**.

2. Hueso's petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

3. Respondent's motion for extension of time to file a response [Record No. 12] is **DENIED AS MOOT**.

4. This matter is **DISMISSED** and **STRICKEN** from the docket.

Dated: November 26, 2018.


Signed By:
*Danny C. Reeves*
United States District Judge